UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HEIDI FOREMAN** | : | **DOCKET NO. 6:17-cv-0296** |
| **VS.** | : | **JUDGE DOHERTY** |
| **CIRCLE K CONVENIENCE STORES, INC., ET AL.** | : | **MAGISTRATE JUDGE HANNA** |

### REPORT AND RECOMMENDATION

Pending before the Court is the plaintiff's Motion to Remand this suit to the 15th Judicial District Court for Lafayette Parish, Louisiana. [rec. doc. 8]. Defendant, Circle K Stores, Inc. ("Circle K"), has filed Opposition. [rec. doc. 10 and 15]. For the following reasons, it is recommended that the Motion to Remand be **DENIED,** and accordingly, that this lawsuit should remain pending in this Court for further proceedings.

### BACKGROUND

Plaintiff, Heidi Foreman ("Foreman"), filed this lawsuit on October 19, 2016 in the 15th Judicial District Court for Lafayette Parish, Louisiana against Circle K. Circle K was served with the lawsuit on November 1, 2016 and filed an answer on November 21, 2016.

Foreman's Petition alleges entitlement to damages as a result of a slip and fall in the defendant's store. [rec. doc. 3-2, ¶ 4 and 8]. Foreman alleges only that she seeks general categories of damages, for non-specific injuries. Plaintiff does not specify the extent or

duration of her injuries, nor does Foreman state any facts or details about the nature of her injury or extent of medical treatment received, if any. Foreman makes general allegations of her alleged items of damages which include "pain/suffering – physical, past, present and future", "pain/suffering – mental, past, present and future", "loss of enjoyment of life, past, present and future", "medical expenses – past/present/future", "aggravation of pre-existing condition" and "permanent disability." [*Id.* at ¶ 10]. Foreman does not set forth the numerical value of her damage claims.[1] [*Id.*].

Circle K propounded discovery. Responses to that discovery were received by Circle K on January 20, 2017. In response to Interrogatory numbers 16 and 19, Foreman states that her "left foot slipped and slammed [her] left knee to the ground and the right knee bent causing [her] to hit [her] right arm on a display" and that she "suffered injuries to [her] neck, shoulder and back", respectively. [rec. doc. 3-3, pgs. 5 and 7]. Foreman did not provide the amount of her claimed medical expenses or any information regarding the nature or extent of her alleged injuries, instead stating that she was "gathering" the information to supplement her responses at a later date. [*Id.* at pg. 9]. However, in response to Interrogatory number 26, Foreman states that she is claiming damages in excess of $75,000. [*Id.* at pg. 8].

On February 21, 2017, citing the "other paper" rule, Circle K removed this action to this court alleging that the matter in controversy exceeds $75,000 and that this court

---

[1] Under Louisiana law, plaintiffs may not specify the numerical value of a damage claim. La. Code Civ. P. art. 893.

therefore has diversity jurisdiction under 28 U.S.C. § 1332. [rec. doc. 1].

On March 17, 2017, Foreman filed the instant Motion to Remand alleging that the Notice of Removal was untimely because, based on the allegations in her Petition, it was "facially apparent" that the amount in controversy exceeded this Court's $75,000.00 jurisdictional minimum.

Circle K opposes the Motion arguing that the general and conclusory damage allegations for unspecified injuries in Foreman's Petition were insufficient to support removal. However, it timely removed this action upon receipt of Forman's discovery responses based on the "other paper" rule set forth in 28 U.S.C. § 1446(b)(3).

## LAW AND ANALYSIS

The procedure for removal from state to federal court is governed by 28 U.S.C. § 1446. That statute requires a removal notice to "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." 28 U.S.C. § 1446(b)(1).

If an action is not initially removable, but later becomes removable, the third paragraph of § 1446(b) directs that, "a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become

removable." 28 U.S.C. § 1446(b)(3).

When a case is removed on the basis of diversity jurisdiction, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000 or (2) setting forth the specific facts in controversy that support a finding of the jurisdictional amount. *Simon v. WalMart Stores*, 193 F.3d 848, 850 (5th Cir. 1999) *citing Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

Allegations in a petition setting forth general categories of damages, for non-specific injuries are too vague and nonspecific to support a finding that the required amount in controversy exists. *Benjamin v. Multi-Chem Group, L.L.C.*, 2012 WL 3548060, *3-4 (W.D. La. 2012); *Wilson v. Hochheim Prairie Casualty Insurance Co.*, 2014 WL508520, *1 (W.D. La. 2014) (and cases cited therein); *Brown v. Caremark Louisiana*, 2011 WL7024954, *2 (W.D.La. 2011), *adopted,* 2012 WL113003 (W.D. La. 2012). Foreman's Petition sets forth only general categories of damages for unspecified injuries. Accordingly, based on the allegations in the Petition, this case was not initially removable because it was not "facially apparent" that Foreman's claims were likely to equal or exceed $75,000.00.

If the removing defendant does not have facts sufficient to support removal when the original petition is received, it is the removing defendant's responsibility to discover those facts before effecting removal. That is precisely why the "other paper" removal rule exists, to ensure that removals will not be filed "before their factual basis can be proven [by the

removing defendant] by a preponderance of the evidence . . . ." *Bosky v. Kroger Texas, L.P.*, 288 F.3d 208, 211 (5th Cir. 2002)[2]. Circle K propounded discovery to determine the value of Foreman's claims and removed this case within thirty days thereafter.

Based on the foregoing, the removal of this action was timely, and this Court may properly exercise diversity jurisdiction under 28 U.S.C. § 1332. The Court therefore recommends that the plaintiff's Motion to Remand be **DENIED.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual**

---

[2]The "other paper" rule provides that when the original petition does not, on its face, affirmatively reveal that the jurisdictional minium is present, a removing defendant is not required to remove until it receives an amended pleading or other paper that make it "unequivocally clear and certain" that more than $75,000 is in controversy. *Bosky*, 288 F.3d at 211. This rule is intended to "reduce 'protective' removals by defendants faced with an equivocal record . . . also [to] discourage removals before their factual basis can be proven [by the removing defendant] by a preponderance of the evidence . . . ." *Id.*

5

**findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See *Douglas v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Counsel are directed to furnish a courtesy copy of a objections or responses to the District Judge at the time of filing.

Signed this 24th day of March, 2017, at Lafayette, Louisiana.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE