UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| HEIDI FOREMAN | CIVIL ACTION NO. 6:17-CV-0296 |
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| CIRCLE K CONVENIENCE STORES, INC., ET AL. | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Currently pending is the motion for summary judgment (Rec. Doc. 24), which was filed by the defendant, Circle K Stores, Inc. ("Circle K"). The motion is opposed, and oral argument was held on May 31, 2018. The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion be GRANTED and that the plaintiff's claims against Circle K be DISMISSED WITH PREJUDICE.

### BACKGROUND

The plaintiff, Heidi Foreman, alleges that she was injured in a slip-and-fall while shopping in a Circle K store, located on Mudd Avenue in Lafayette. The incident occurred just outside of the door to the refrigerated walk-in cooler, known as the "Beer Cave." The plaintiff alleges that she fell on a wet floor due to a Circle

K employee's failure to place *any* signs indicating that the floor was wet as a result of the employee mopping.

During her deposition, the plaintiff explained that she walked in and out of the Beer Cave twice, and it was upon exiting the second time that she fell. Prior to falling, the plaintiff recalled seeing a female employee mopping in the store.[1] However, she testified that the employee was not mopping in the area outside of the Beer Cave, and she did not notice any wetness on the floor prior to falling.[2]

Circle K produced surveillance video, which clearly shows the relevant details of the plaintiff's visit on August 26, 2016.[3] The video shows multiple, yellow "wet floor" signs located throughout the store, including both inside the Beer Cave and immediately outside of the door to the Beer Cave. A yellow mop bucket is also visible. Consistent with the plaintiff's deposition, the video shows that the plaintiff walked in and out of the Beer Cave twice – first, alone, and then accompanied by a Circle K manager assisting with her beer selection.

On her first trip to the Beer Cave, the video shows the plaintiff passing one "wet floor" sign when entering the Beer Cave and then approaching and standing right next to another "wet floor" sign once inside the Beer Cave. Those two signs

---

[1] Rec. Doc. 24-3, p. 23, l. 23; p. 24, l. 23; p. 28, ll. 23, 25; and p. 33, l. 14.
[2] *Id.* at p. 29, ll. 20, 23; p. 25, ll. 14, 17.
[3] Rec. Doc. 24-6 (notice of manual attachment of video footage).

remain clearly visible throughout the video capture of the plaintiff's first entry into, stay, and exit from the Beer Cave. Upon exiting the first time, the plaintiff is seen standing at the checkout counter immediately in front of another "wet floor" sign. During the plaintiff's second approach to the Beer Cave, the mopping employee is seen physically moving out of the path of the plaintiff and the Circle K manager. Again, upon entering the Beer Cave the second time, the plaintiff approached and then stood right next to a "wet floor" sign inside the Beer Cave. When the plaintiff attempts to exit the Beer Cave the second time, the video shows the plaintiff's fall.

In the instant lawsuit, the plaintiff claims that Circle K is liable for her fall and the resulting injuries. Circle K denies liability and has moved for summary judgment.

## ANALYSIS

### A. THE SUMMARY JUDGMENT STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the

applicable governing law.[4] A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[5]

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of genuine issues of material fact.[6] If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact.[7] All facts and inferences are construed in the light most favorable to the nonmoving party.[8]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's claim.[9] The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim.[10]

---

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

[5] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008) (citing *Anderson*, 477 U.S. at 252); *Hamilton,* 232 F.3d at 477.

[6] *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

[7] *Washburn*, 504 F.3d at 508.

[8] *Brumfield*, 551 F.3d at 326 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

[9] *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008) (citing *Celotex Corp.*, 477 U.S. at 325).

[10] *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

When both parties have submitted evidence of contradictory facts, a court is bound to draw all reasonable inferences in favor of the nonmoving party.[11] The court cannot make credibility determinations or weigh the evidence, and the nonmovant cannot meet his burden with unsubstantiated assertions, conclusory allegations, or a scintilla of evidence.[12] "When all of the summary judgment evidence presented by both parties could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial and summary judgment is proper."[13]

Interpretations of statutory provisions that are dispositive and raise only questions of law, there being no contest as to the operative facts, are particularly appropriate for summary judgment.[14]

## B.   THE APPLICABLE STATUTE

In a diversity case such as this one, the Court applies state substantive law, here Louisiana law.[15] Therefore, Circle K's liability in this case is governed by the Louisiana Merchant Liability Act, La. R.S. 9:2800.6, which reads as follows in its entirety:

---

[11] *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).
[12] *Id.*
[13] *Greene v. Syngenta Crop Protection, Inc.*, 207 F.Supp.2d 537, 542 (M.D. La. 2002) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).
[14] *Dobbs v. Costle*, 559 F.2d 946, 947 (5th Cir. 1977); *see also Kemp v. G.D. Searle & Co.*, 103 F.3d 405, 407 (5th Cir. 1997) ("questions of statutory interpretation are questions of law.").
[15] *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

A.   A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B.   In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1)   The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2)   The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3)   The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C.   Definitions:

(1)   "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

(2)   "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant,

including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.

D. Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660, 667, 669, 2317, 2322, or 2695.

The statute requires a plaintiff to prove three things: (1) there was a condition that presented an unreasonable risk of harm, (2) the merchant either created the condition or had actual or constructive notice of the condition, and (3) the merchant failed to exercise reasonable care. If the plaintiff fails to prove any one of those three elements, the merchant is not liable. The Louisiana Supreme Court has found this statute to be clear and unambiguous.[16]

C. **THE PLAINTIFF FAILED TO PROVE THAT CIRCLE K IS LIABLE**

In this case, it is alleged that the plaintiff slipped and fell outside of the "Beer Cave," due to a wet floor caused by a Circle K employee mopping at the time of the accident. The plaintiff alleges that this was an employee-created condition that presented an unreasonable risk of harm. It is undisputed that a Circle K employee was mopping inside the store, which caused or "created" the wet condition of the floor. Therefore, there is no dispute regarding the second of the three elements necessary for a successful merchant liability claim. This case turns on the related

---

[16] *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 09/09/97); 699 So.2d 1081, 1084.

questions of whether the wet floor created an unreasonable risk of harm and whether Circle K exercised reasonable care.

As to the first element, "[t]here are a multitude of reasons, including patron safety, requiring that store owners clean up various spills on their floors and provide a clean environment."[17] Louisiana "[j]urisprudence has specifically found that mopped floors do not create an unreasonable risk of harm when the appropriate signage is used to warn patrons of the condition of the floor."[18] Furthermore, as to the third element, a "merchant's duty of care requires that reasonable protective measures be undertaken to insure that the premises are kept free from substances that might cause a customer to fall."[19] Importantly, "[s]tore owners are not required to insure against all accidents that occur on the premises."[20] "They are not absolutely liable whenever an accident happens."[21]

As stated, this Court has carefully reviewed Circle K's surveillance video, which shows multiple, yellow "wet floor" signs located throughout the store, including both inside the Beer Cave and immediately outside of the door to the Beer Cave. "Although we review evidence in the light most favorable to the nonmoving

---

[17] *Melancon v. Popeye's Famous Fried Chicken*, 2010-1109 (La. App. 3 Cir. 3/16/11); 59 So. 3d 513, 516.
[18] *Id.* (collecting cases).
[19] *Jackson v. Delchamps, Inc.*, 96-2417 (La. App. 1 Cir. 3/27/97); 691 So.2d. 332, 335.
[20] *Id.*
[21] *Id.* (citing *Retif v. Doe*, 93-1104 (La. App. 4 Cir. 2/11/94); 632 So.2d 405).

party, we assign greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene."[22] Therefore, this Court "need not rely on the plaintiff's description of the facts where the record discredits that description but should instead consider 'the facts in the light depicted by the videotape.'"[23] The video clearly shows that appropriate signage was used to warn patrons such as the plaintiff of the condition of the floor. Thus, the video discredits the plaintiff's claim that there was *no* signage and instead establishes that Circle K exercised reasonable care.

In summary, Circle K has established the plaintiff's failure to prove two of the three required elements of her case. Specifically, the plaintiff has failed to show that Circle K failed to exercise reasonable care when it used appropriate signage to warn patrons of the wet condition of the floor. To the contrary, the video evidence establishes that Circle K took appropriate protective measures, constituting reasonable care under the circumstances.

D. **THE JURISPRUDENCE SUPPORTS SUMMARY JUDGMENT IN CIRCLE K'S FAVOR**

The factual scenario presented in this case is similar to that of other cases where summary judgment has been rendered in favor of a merchant. In *Melancon v.*

---

[22] *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011) (citing *Scott v. Harris*, 550 U.S. 372 (2007)).
[23] *Id.* (quoting *Scott*, 550 U.S. at 381).

*Popeye's Famous Fried Chicken*, the plaintiff entered a Popeye's restaurant, ordered and received her food, and upon turning away from the counter to exit the restaurant, slipped and fell.[24] She testified that "there were no wet floor signs anywhere" but that an employee had mopped the store while she was standing at the counter.[25] The court of appeal then turned to Popeye's video surveillance, which showed "two bright yellow standard 'wet floor' signs in the Popeye's restaurant—one near the counter and the other at the entrance, both of which are readily visible to anyone entering the store."[26] The video depicted the plaintiff walking directly past one of the signs upon entering the restaurant, and later, "looking directly at a bright yellow mop bucket."[27] "She then walks past a 'wet floor' sign and directly past the employee who is mopping the floor."[28] In affirming summary judgment in favor of Popeye's, the court found that "Popeye's exercised reasonable care by placing two different 'wet floor' signs to alert customers that the floor had been mopped."[29] As to the plaintiff's contention that there were no wet signs, the court stated that "[t]he only

---

[24] *Melancon*, *supra*, 59 So. 3d at 515.
[25] *Id*.
[26] *Id*. at 515-16.
[27] *Id*. at 516.
[28] *Id*.
[29] *Id.*

explanation for [the plaintiff]'s lack of awareness regarding the wet floor is her inattentiveness."[30]

Recently, in *Jones v. Circle K Stores, Inc.*, the court relied on *Melancon*, in part, to find that Circle K had exercised reasonable care by placing two yellow wet floor signs to alert customers that the floor had just been mopped.[31] There, "[v]ideo surveillance show[ed] that right after entering the store, [p]laintiff passed within a few feet of a yellow wet floor sign, and she also walked by a Circle K employee mopping the floor."[32] The video also showed "another yellow wet floor sign a few feet away."[33] The court noted that Circle K had placed one of the two signs "right near the beverage counter where [p]laintiff fell."[34]

Here, Circle K exceeded the reasonable care standards set forth in the above-cited cases. The video shows that there were at least three standard, yellow "wet floor" signs clearly visible to all patrons. As the court stated in *Melancon*, "[t]he only explanation for [the plaintiff]'s lack of awareness regarding the wet floor is her inattentiveness."[35] Likewise, the plaintiff admits to having observed a Circle K

---

[30] *Id.*
[31] *Jones v. Circle K Stores, Inc.*, No. 16-cv-00691-BAJ-EWD, 2018 WL 910163, at *2 (M.D. La. Feb. 15, 2018) (citing *Melancon*, *supra*, 59 So.2d at 516).
[32] *Id.* at *1.
[33] *Id.*
[34] *Id.* at *2.
[35] *Melancon*, 59 So. 3d at 516.

employee mopping inside the store. Consistent with that testimony, the video shows that a yellow mop bucket was present and visible, and the mopping employee had to physically step out of the plaintiff's path on her second approach to the Beer Cave, prior to her fall.[36] It is clear that Circle K exercised reasonable care, and it is entitled to summary judgment.

## Conclusion

For the reasons fully explained above, this Court recommends that Circle K's motion for summary judgment (Rec. Doc. 24) be GRANTED and the plaintiff's claims be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized

---

[36] *See id.* ("[The plaintiff] then walks past a 'wet floor' sign and directly past the employee who is mopping the floor.").

by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on this 5th day of June 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE